WHETCROFT's Adm'r. vs. DORSEY's Ex'rs.

If an appeal or writ of error he dismissed by the appellant or plaintiff in error, a second appeal or writ of error, tho' bond be filed, &c. will not operate as a *supersedeas,* where the first appeal or writ of error was a *supersedeas.*

MOTION by the plaintiff for a writ of *fieri facias* upon a judgment rendered in this court at October term 1801. It appeared that the defendants had appealed from the judgment above mentioned to the court of appeals, and had filed a bond agreeably to law to stay the issuing of any execution on the judgment. That the defendants caused a transcript of the proceedings to be sent to the court of appeals, and at November term 1803, they *dismissed* their appeal, and afterwards obtained an *injunction* from the court of chancery to stay all proceeding on the judgment—which injunction was dissolved on the 13th of March 1804, and the *original* order of the chancellor, dissolving the injunction, was produced to the clerk of this court, and a *fieri facias,* by order of the plaintiff, was issued on the judgment. Upon the suggestion of the defendants to the chancellor that a *certificate* by the register of the dissolution of the injunction, and not the original order, should have been produced to and acted on by the clerk of this court, the chancellor passed an order staying all proceedings on the *fieri facias* which had issued; but as the injunction which issued under that order stated that all proceedings on the judgment were stayed, on application of the plaintiff to the chancellor, he passed an order declaring that his intention, in awarding the last injunction, was only to stay proceedings on the *fieri facias* which had issued, and that there would be no contempt of the court of chancery in proceeding on the judgment, otherwise than by proceeding on the said *fieri facias.* Upon the chancellor's last order the plaintiff applied to the clerk of this court for another *fieri facias* upon the judgment; but the clerk declined issuing it without the order of this court, inasmuch as a *writ of error* had been produced to him by the defendants, endorsed "bond filed and the securities approved" by the chancellor.

The question for the decision of this court was, whether the writ of error, so obtained, would stay the execution upon the judgment, the party having once before had the proceedings before the court of appeals by way of appeal, and having by his own act *dismissed* the appeal.

*Shaaff*, for the plaintiff. If an execution is to be stayed in this case, no person can ever get the effect of his judgment, as the defendant might dismiss his appeal or writ of error *ad infinitum*. The authorities all show, that if the party has had every opportunity of the benefit of appeal or *supersedeas*, he shall not, by his own act, advantage himself by dismissing his appeal. The case of *Buller vs. Lusitano de Pinna*, 2 *Stra.* 880, is in point. It was a writ of error by a *feme sole*, which abated by her marriage, and a second writ was brought by her, and her husband. The court permitted the opposite party to take out execution; for it was the act of the plaintiff in error that occasioned the first writ of error to abate. If a writ of error abates in parliament, a second writ of error in the same court is no *supersedeas*. *Duncomb's* case, 1 *Mod.* 28 5. See 1 *Vent.* 100. *Bernad.* 403.

*Martin*, (Attorney-General,) and *Ridgely*, for the defendants, declined saying any thing.

CHASE, Ch. J. The court are of opinion, that the writ of error obtained for the removal of the proceedings in this case to the court of appeals, is no *supersedeas*. The plaintiff may therefore have his execution notwithstanding the writ of error.

MOTION GRANTED.